May it please the Court, Counsel Kendra Matthews v. Ransom Blackman on behalf of Defendant Tamara Sawyer With me at counsel table is Sean McCrae on behalf of Kevin Sawyer Barring questions from the Court, I'm planning on handling the argument for both defendants. Ms. McCrae is available if the Court has questions. In this case, defendants are not seeking to overturn any Ninth Circuit case law. They are not asking this Court to depart from precedent. We believe that precedent can be harmonized in a way that makes it clear that the district court's ruling was improper. This was a specific intent crime. Did the defendant have the intent to deceive and cheat? And in a specific intent crime, the defendant has the right to put before the jury all of the surrounding relevant circumstances. And here the allegations were that this business was fraudulent and that from 2004 to 2009, they engaged in misstatements and that those statements were part of something that they were intending to deceive and cheat others. The government was planning on putting forth evidence to say, jury, here's how you can interpret these misstatements. They were intended to deceive and cheat. Let's look at where the money flowed. We're going to trace this out for you. Well, that's part of the government's theory that the two Sawyers withheld from investors that they were using present investors' money to pay previous investors' returns. That was part of the government's theory of prosecution, and they were going to put forth evidence that they thought helped establish that not only were these misstatements but that evidence shows a state of mind of an intent to deceive. Isn't that what the facts at trial show? There was no trial. That the Sawyers were using money from present investors to pay previous investors' return? Well, there was no trial, Your Honor. Did you show the yes or no to my question? No, there was no trial, so that was not what the facts showed. That was the government's theory. That was the government's theory. And so how does, to get at Judge Hawkins' question, of course, which is you're going to need to do because that's the crux of the case. I appreciate that, Your Honor. Right? So why isn't that a misrepresentation? In other words, if that was the government's proffer, if that was the government's theory, which is what we're all saying, then how does an ability to repay negate the misrepresentation that was made at the outset? I appreciate that clarification, Your Honor. I apologize. I was not understanding that that was the question. She asked a better question. The answer is there's two elements. One element is that there has to be a misrepresentation that is relied upon, a material misrepresentation. The other element is that that misrepresentation has to be made for the intent to deceive or cheat. And what the – Well, if I intend to pay you back later, how does that negate that I tricked you to get you to part with your money? Well, we agree, and this is – it doesn't if that's purely the only reason that you're putting forth the evidence. If you're going to say, I intend to fool you, I am intending to trick you, but don't worry, it's going to work out in the end, then I think this Court's case law is clear that that is not a defense. Well, the district court indicated that the – I think the ruling was not that you couldn't introduce this evidence, but that if you're going to do so, it had to be for a different purpose because this purpose was going to be relevant under 401. And what we went in circles before the district court on was that we were proffering evidence of how the businesses functioned, how money was used over time, what the net fair market value was, and we were saying we want to put that forth so that the jury can look at all of the circumstances and evaluate whether these defendants had a good faith belief that they were running a legitimate business. And this was not a case about jury instructions. The jury instructions still could have been, you know, intent to deceive and cheat is what an intent to defraud is, and that you could have a jury instruction saying you can use this evidence as background evidence of how the business functioned and worked. Okay, so that's what your briefing says. It says this was – and that's what the transcript says. You urge the district court to let you put this on as circumstantial evidence. But circumstantial evidence of how the business functioned, how does that get you to a viable defense? If the government's position is, look, the Sawyers misrepresented to these people, as Judge Hawkins said, by not telling them the real purpose of what they were going to do with the money, how does this circumstantial evidence get you there? Well, I think the theory of how it gets you there is that misrepresentations can be made without an intent to defraud. A jury could find that those misrepresentations. Well, if defraud means deceive or cheat, right, a false pretense to get you to part with your money, then I don't understand the connection, and I just want to make sure I give you every opportunity to explain this because I don't see it in the briefing. If defraud means permanently take your money, then the ability to pay back matters. It's relevant under 401. But if defraud means misrepresent at the outset of the deal to get you to part with your money on false pretenses, which is what I think the Ninth Circuit Authority says, then I don't understand how circumstantial evidence of an intent and ability to repay is relevant. Well, I think our position is that the misrepresentations are statements in a document or different statements that were inaccurate statements or construed as misrepresentations. Our position is if they had the circumstantial evidence of how the entire business was run and that it's not just the intent to repay and the evidence, the judge's ruling was rejecting all of the evidence that we proffer here for this discussion of putting together the circumstantial evidence. And our position was if you understood how the business was forming and acting, that you could put forth to the jury, look, we were not in trying to deceive them with these statements that were inaccurate. We thought, and this is a hypothetical, but we thought that the business, by buying the real estate here, we were doing what we said, even though it says plainly on this paper it will be purchased in this manner, here's an explanation about how these five businesses worked and here's what was going through my mind about how if I did it this way it would be okay or that way, and you need that circumstantial evidence. And so that's how I would distinguish. It's a fine line. So is your answer, forgive me for interrupting, is your answer that you think the ability to repay and the intent to repay is circumstantial evidence that your clients did not have the intent to misrepresent at the outset? Yes. And that is why we say we're not trying to depart from that precedent. We're saying it's a step before that precedent and that if you look at those cases, there are cases where they say, hey, I'm intending to lie to you, but it will work out. And here we're saying this would have created a circumstance where you could get the jury to agree with you, oh, yeah, that's an inaccurate statement, but it doesn't reflect an intent to deceive. And that is a fine line, but that is the line we're trying to draw here in our argument, that that was the key to presenting our defense. If I could, let me just check while you're running low on time. Judge Noonan, do you have questions? I do not. Thank you. Do you want to reserve some of your time? Sure. Good morning. Scott Bradford on behalf of the government. I think it's important to highlight at this stage that the government's motion to exclude evidence of intent or ability to repay was a very limited or narrowed one. And the judge's ruling granting that motion was also very limited or narrowed, as Judge Christin mentioned just a moment ago. It was simply to preclude the evidence, or excuse me, preclude the defendants from offering such evidence. For the purpose of? Intent or ability to repay. Specifically, the government had concerns that the defendants were going to call their CPA, a forensic analyst, or excuse me, a forensic financial analyst, to testify about their intent, which is prohibited under Rule 704. They could have, as the government conceded in their brief, offered her to testify about how business transactions functioned, how the businesses were organized, how investor money was used, and to talk about the representations made to investors. It's also important to highlight that when pressed by the district court during the pretrial conference about this type of evidence and about their financial expert on this issue of intent or ability to repay, the district court gave the defendants three chances to offer it for another admissible purpose. And each time the defendants declined to do so, it was always offered as intent or ability to repay. 2020 hindsight is telling it, but it's hard to fault the district court for reasons that were not presented to it during the hearing when the evidence was proffered. Counsel, this happened on the morning of trial, literally, right? And there are a couple years of pretrial proceedings. Is there a reason this was teed up for the district court to rule on at that very last minute? That was the schedule set by the district court, and the parties were simply following the district court's pretrial order. Which is very unfortunate because a whole lot of money and time and effort went into preparing this case for trial on what looks like a very pure legal ruling to me. I agree, and there were discussions between the parties about this issue, and we did front it to the defense that we were going to brief this issue when we thought that this type of evidence was, in fact, irrelevant. And so was it the government wasn't able to brief this any earlier, according to the district court's pretrial order? Is that your position? The district court ordered the government to submit, or all parties, excuse me, and such briefings seven days before trial, and we did so on. Could you have submitted it earlier if you'd seen this coming? I don't mean to belabor the point, but it's a lot of time and money. So if you could just humor me. I agree, and I will simply note this is perhaps not in the record per se, but we did have discussions between us, Mr. Blackman and Ms. McRae, and I spent many hours together discussing this case, going back to before it was indicted and negotiating the case about this specific defense that we thought, because it was fronted to us, that they may try to use this type of defense. And I frankly told them I thought it was irrelevant and we would move to exclude it at the appropriate time. And a week before was the appropriate time ordered by the district court. I do agree, though, that it was late. All right. Thank you, counsel. Is it your position that there was never any attempt by the defense to introduce this evidence for any other purpose other than intent and ability to repay? If you look at the excerpt of record in the transcript, specifically when Judge Aiken asked Mr. Blackman, please tell me why it's not error and what's the reason for allowing the admissibility, he reiterated his theory that it went to the reasonableness of their belief that they had the ability to meet these obligations, which goes directly to the heart of the case law that says this is irrelevant. Why is this irrelevant? Because the crime occurs when the misrepresentations are made in order to induce somebody to part with money or property. The fact that the Sawyers or the defendants had this personal real estate holding over here that they could have used to repay the investors whom they duped over here is completely irrelevant. And there's a long line of history in the case law going all the way back to United States v. Benny in 1986. So from the government's point of view, they could have put on an expert witness, either the one they proffered or perhaps another one that could have been asked, at various points in time, could the Sawyers have repaid their investors? No, the government, well, I would think, just a moment, Your Honor. No talk about intent, just I've analyzed their financial situation, and in 05, 06, 07, first six months of 08, their assets were more than sufficient to pay off any investor who wanted out and with return of interest, et cetera. I think the government's motion, of course, really would have precluded that. And I think the case law supports precluding that type of evidence. What the expert witness could have been. This sounds a little different than your theory that they could have put it in for any reason other than the intent to repay. In other words, could they put on this witness and ask, in your professional opinion, at these points in time, could they have repaid? No questions about intent. But those questions would have gone directly to intent, and I think that goes to Judge Aiken's discussion under Rule 403 that that would have. That sort of cuts against your argument, doesn't it, that they could have put this on, cloaked, dressed in another way? I'm sorry, I may have misspoke. Earlier, in response to Judge Christian's questions, you said that they were given two or three opportunities by Judge Aiken to put this on in a different manner other than an attempt to show intent. Correct. They could have put it on. They could have asked Ms. Matthews to testify about how the money was spent, what representations were made, how the businesses were structured, how the money flowed. In other words, they could have put her on to rebut the government's evidence of direct tracing. How about a question to the expert along these lines? In June of 2007, did the Sawyers have sufficient resources to pay any or all of their investors who wanted the return of their investment? I think that question and that answer would have been admissible because it's irrelevant. It has nothing to do with the need. Are you saying admissible or inadmissible? Inadmissible. In? Inadmissible. Thank you. Sorry. Inadmissible because it is irrelevant under Rule 401. Again, it has nothing to do with the material misrepresentations the defendants made in order to take money from their investors. The fact that they had private real estate holdings that may, could have been used to repay investors at a later date is simply irrelevant, and I think Judge Aiken correctly found that it would confuse the jury, mislead them, confuse the issues. So I think it would be inadmissible under the court's ruling. Judge Noonan, anything for the? Nothing, thank you. Okay. Thank you, counsel. Thank you. Counsel, before you get started, I want to make sure I give you an opportunity to tell me if I missed it in the record, whether the defense ever offered this evidence for any other purpose. Thank you, Your Honor. I would point the judge to ER-76 and ER-78, though I do think those are the points that the government is referencing as well. And we find ourselves at a crossroads of what the ability to repay is versus the intent to repay. The defense proffered this expert's report, and the government filed a motion in limine to exclude evidence of intent to repay. And what defense counsel Belok had saying was, what I finally got to articulating to you, I think, on those pages, that's what he was trying to say, was ability to repay. We're not talking about our intent was we're going to lie to you and then we're going to pay you back and it will be okay. But this circumstance of a present ability to repay during the duration of the allegations. And that is what he kept saying to the court on those two pages. So are you saying now that it's what you were really focusing on is the Sawyers' ability to repay and that if they had the ability to repay, then that makes a facted issue more or less likely to be true, and the facted issue is whether they intended to deceive anybody from the outset. Yes. And that's less likely if they had money in the bank. It's less likely if they had money in the bank and that, Your Honor, we were proffering this entire, this expert's testimony was being proffered, and it was being proffered for this purpose, you know, this list of purposes that we've set out in the brief. And what's the list? How the businesses functioned, where the money flowed within those businesses, how properties were purchased, and the present assets throughout the time of the business showing that they were always enough to cover their debts, which is this ability to repay. And I see my time is up. If I can just complete the thought that they were, that evidence went to whether or not they were intending to deceive people from the outset and that that was being characterized by defense counsel, and I think that plays out in the transcript as the ability to repay and that the judge's response was, no, this falls strictly in our case law and it's excluded. And so there was no other separate purpose articulated, but I still believe we are at the heart of the case with this appeal. All right. Before you leave the podium, Judge Noonan, do you have any other questions for defense counsel? I do not. Thank you, counsel. Thank you.  We'll submit that case and move on to the next argument, please.
judges: NOONAN, HAWKINS, CHRISTEN